UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-61534-CIV-COHN/SELTZER

ANTHONY MENENDEZ,

      Plaintiff,

v.

SIGNATURE CONSULTANTS, LLC,

      Defendant.

_____/

## ORDER DENYING RULE 11 MOTION FOR SANCTIONS

**THIS CAUSE** is before the Court on Defendant Signature Consultants, LLC's Rule 11 Motion for Sanctions [DE 11].  The Court has considered the motion, Plaintiff Anthony Menendez's Response [DE 15], Defendant's Reply [DE 16],[1] the argument of counsel at the December 6, 2011 hearing [DE 22], Defendant's Supplemental Brief [DE 24], and is otherwise fully advised in the premises.

### I. BACKGROUND

Plaintiff Anthony Menendez worked as a help desk analyst for Defendant Signature Consultants, LLC.  Complaint [DE 1] ¶ 5.  Plaintiff alleges that Defendant failed to pay him approximately $53,235.71 during the period running from June 15, 2009 to January 15, 2011.  Id. ¶ 6.

---

[1]    Defendant filed its reply on November 10, 2011, three days after the deadline for filing a reply expired.  Defendant never moved for an extension of time to file its reply, but Plaintiff also never moved to strike the reply.  In the interest of justice, the Court will consider the reply despite the fact that it was untimely.  The Court urges counsel for both parties to be mindful of all deadlines in this case in the future.

On July 11, 2011, Plaintiff filed his two-count Complaint against Defendant for violation of the Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA"), (Count I) and breach of contract and failure to pay wages (Count II).  See Compl.  On August 10, 2011, Defendant filed a two-count Counterclaim [DE 10 at 3-7] against Plaintiff for conversion (Count I) and civil theft (Count II).  See Countercl.

On August 11, 2011, Defendant's counsel wrote to Plaintiff's counsel to explain that Defendant had already paid Plaintiff pursuant to the FLSA.  See Aug. 11th Letter [DE 11-1].  The letter suggested that Plaintiff's counsel should conduct a good faith investigation into the merits of the FLSA claim, because Defendant's counsel believed that upon conducting such an investigation, Plaintiff's counsel would conclude that the FLSA claim was meritless.  Id.  The letter also stated, "If after reviewing these records, Mr. Menendez does not dismiss his FLSA claim no later than August 22, 2011, Signature will consider taking additional actions including serving Mr. Menendez with a Rule 11 Motion."  Id.

Plaintiff did not dismiss his FLSA claim by August 22, 2011, and Defendant filed the instant motion.  In the motion, Defendant requests that the Court dismiss this action and impose sanctions against Plaintiff and his counsel pursuant to Federal Rule of Civil Procedure 11.  Plaintiff in turn requests that the Court sanction Defendant for filing "such a meritless and frivolous motion."  Resp. at 5.

## II. LEGAL STANDARD

"Rule 11 is an extraordinary remedy, one to be exercised with extreme caution." Operating Eng'rs Pension Trust v. A-C Co., 859 F.2d 1336, 1344 (9th Cir. 1988). Sanctions are appropriate under Rule 11 of the Federal Rules of Civil Procedure where

a party demonstrates that an opposing party's claim "(1) has no reasonable factual basis; (2) is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and (3) is filed in bad faith for an improper purpose." Baker v. Alderman, 158 F.3d 516, 524 (11th Cir. 1998). "Although sanctions are warranted when the claimant exhibits a deliberate indifference to obvious facts, they are not warranted when the claimant's evidence is merely weak but appears sufficient, after a reasonable inquiry, to support a claim under existing law." Id. (citations and quotations omitted). "Rule 11 sanctions are designed to 'discourage dilatory or abusive tactics and help to streamline the litigation process by lessening frivolous claims or defenses.'" Donaldson v. Clark, 819 F.2d 1551, 1556 (11th Cir. 1987) (en banc) (quoting Pin v. Texaco, Inc., 793 F.2d 1448, 1455 (5th Cir. 1986)). Sanctions "may be imposed for the purpose of deterrence, compensation and punishment." Aetna Ins. Co. v. Meeker, 953 F.2d 1328, 1334 (11th Cir. 1992).

### III. ANALYSIS

Defendant contends that sanctions are warranted because Plaintiff's FLSA claim is not supported by a reasonable factual basis. See Mot. at 4. In support of its request, Defendant attaches to its motion payroll records showing that Plaintiff was fully paid for all regular hours and overtime hours reported. See Payroll Records [DE 11-2]; see also Declaration of Melisha Cornish-Young [DE 11-1] ("Cornish-Young Declaration") ¶ 2 (attesting to the validity of the payroll records). Defendant notes in its reply, "it was Plaintiff that reported his hours worked to the supervisor." Reply at 1. As evidenced by sample emails [DE 16-1] attached to the reply, Defendant explains, Plaintiff "emailed his hours worked to his supervisor notifying his supervisor what hours he worked that

week . . . The supervisor would then approve the hours."  Reply at 1.  Defendant further

highlights that "Plaintiff was required to sign off on his timesheets each week."  Id.; see

also Timesheets [DE 16-2].

In response, Plaintiff argues, "In no way do these pay stubs establish what

should have been paid had Defendant kept proper time records of the hours worked

and no[t] deliberately shorted Plaintiff's paycheck."  Resp. at 3-4.  Plaintiff also notes,

"pay stubs are not the only means by which the numbers of hours worked can be

established especially when there are questions raised about the

accuracy/completeness of the time records."  Id. at 4.  He "maintains that he was

shorted approximately 15 hours of overtime per week," id. at 2, and attaches an

affidavit declaring, "I routinely worked 10 – 15 hours or more of overtime per week for

which I was not compensated and this was done at the direction of my supervisor who

made clear that all my overtime hours could not be reported and could not be

compensated," Affidavit of Anthony Menendez [DE 15 at 7] ¶ 2.  The affidavit further

states, "Defendant's suggestion that I was compensated all of my overtime hours as

purportedly evidenced by the paystubs attached to its Motion for Sanctions is simply

false.  Defendant full well knew that all the overtime hours would not be compensated

and this fact shall be further established through discovery and will ultimately be proven

at trial."  Id. ¶ 6.

At the hearing, Defendant argued that Plaintiff's affidavit is insufficient to avoid

an adverse ruling based on the documentary evidence that Defendant submitted.  In a

Supplemental Brief, Defendant cites various decisions granting motions for summary

judgment against plaintiffs who failed to provide sufficient evidence that they had not

4

been paid for overtime hours, see Supp. Brief, but the instant motion is not a motion for summary judgment.  Importantly, in light of Plaintiff's request and Defendant's non-opposition at the hearing, the Court has recently granted the parties an extension of the discovery deadline, so Plaintiff now has more time to gather sufficient evidence to prove his case.  See Order Continuing Trial Date and Extending Discovery Deadline [DE 23].  As such, any request for a determination that Plaintiff lacks sufficient evidence to prove his case is premature.

Based on the parties' filings and the representations at the hearing, the Court finds that there is a factual dispute.  Therefore, the Court will deny Defendant's request to impose sanctions on Plaintiff.  At the same time, the Court finds that there was a reasonable basis for Defendant's motion, so Plaintiff's request to impose sanctions on Defendant will also be denied.  Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Defendant Signature Consultants, LLC's Rule 11 Motion for Sanctions [DE 11] is **DENIED**.  It is further

**ORDERED AND ADJUDGED** that the request for sanctions contained in Plaintiff Anthony Menendez's Response [DE 15] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 13th day of December, 2011.

JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF